**In re William W. REEDY, Debtor.**

**Christine Reedy, Plaintiff,**

**v.**

**William W. Reedy, Defendant.**

**No. 3:99–CV–663.**

United States District Court,
E.D. Tennessee.

April 19, 2000.

court's ancillary jurisdiction. This court respectfully disagrees with the holding in *McAllister.*

Bailey, Roberts & Bailey, P.L.L.C., N. David Roberts, Jr., Knoxville, Tennessee, for Plaintiff.

Walker & Walker, P.C., John A. Walker, Jr., Knoxville, Tennessee, for Defendant.

## MEMORANDUM OPINION

JORDAN, District Judge.

This case is before the court as an appeal from the United States Bankruptcy Court for the Eastern District of Tennessee. The defendant contends that the Bankruptcy Court did not have jurisdiction to issue writs of garnishment against him and erred in denying his motion to quash and vacate the writs of garnishment. The plaintiff argues that the Bankruptcy Court's earlier judgment that certain debts due her were non-dischargeable and its determination of the amount of the debts was a money judgment so the Bankruptcy Court acted within its jurisdiction in issuing the writs of garnishment. Oral argument on the defendant's appeal was heard on April 13, 2000, and the appeal is ripe for the court's consideration.

Having heard oral argument and having carefully considered the parties' briefs, the court finds that the Bankruptcy Court did not err in denying the defendant's motion to quash and vacate the writs of garnishment. Because the Bankruptcy Court's opinion (doc. 24) clearly articulates why the Bankruptcy Court's March 19, 1999, judgment fixing the amount of the defendant's non-dischargeable debt was a money judgment and why the Bankruptcy Court, therefore, had jurisdiction to issue the writs of garnishment, this court finds it unnecessary to issue a detailed opinion, and adopts the Bankruptcy Court's opinion.

In *Longo v. McLaren (In re McLaren)*, 3 F.3d 958, 965–66 (6th Cir. 1993), the Sixth Circuit recognized a Bankruptcy Court's authority to determine the validity and amount of a debt along with the debt's dischargeability. At oral argument, counsel for the defendant attempted to distinguish *McLaren* by arguing that there was no pending state court judgment in *McLaren,* unlike the situation in the present case where there is a valid divorce decree setting out the obligations of the parties. The state court decrees in this case (the Final Decree and the Agreed Order), however, did not set out the amount of the defendant's obligations to the plaintiff. Thus, this court finds that *McLaren* controls the outcome of the defendant's appeal in this case.

For the reasons stated in the Bankruptcy Court's well-reasoned opinion, this court finds that the Bankruptcy Court's judgment of March 19, 1999, was a money judgment, and the Bankruptcy Court had jurisdiction to issue the writs of

garnishment, so the defendant's motion to quash and vacate the writs of garnishment was properly denied. The Bankruptcy Court's denial of the defendant's motion to quash and vacate will be affirmed. An order reflecting this opinion will be entered.